UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENTE SANCHEZ JARAMILLO,

       Petitioner,

                                  CASE NO. 1:09-CV-1103

v.

                                  HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

       Respondent.
_____/

## OPINION AND ORDER

This matter is before the Court on Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (docket # 1). The Court has carefully reviewed the briefs and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING § 2255 CASES.

## BACKGROUND

In August 2008, Petitioner Vincente Jaramillo was charged under a superseding information on one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing cocaine. (Case No. 1:08-CR-93, docket # 62) On August 15, 2008, Mr. Jaramillo appeared before this Court with retained counsel and pleaded guilty to the charge, in accordance with an amended written plea agreement (*see* Case No. 1:08-CR-93, docket # 72). Under the terms of the amended plea agreement (Case No. 1:08-CR-93, docket # 75), Mr. Jaramillo waived the right to appeal a sentence "that is within or below the guideline range as determined by the Court at sentencing and the manner in which it was determined . . . on any ground

whatever, . . . except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." The agreement further waived Mr. Jaramillo's right to challenge his "sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255." The agreement also expressly stated that the government did not promise to file a motion for a sentence reduction under sentencing guideline 5K1.1, and that the government retained complete discretion with regard to its decision whether or not to file any such motion.

At the plea hearing, the Court reviewed the provisions of the Plea Agreement with Mr. Jaramillo

> THE COURT: Let's take a look at the plea agreement in this case, then. I looked at it early in the hearing just to confirm that everybody had signed it and that we had a final agreement in our hands. Take a look, if you would, at the last page, page 10. Near the top it looks like your signature and the date of August 14, yesterday. Do you see where I'm looking?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that your signature?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you did sign that yesterday?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And before you signed it you had the opportunity to talk with your lawyer, Mr. Stanley?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: There are sentences above your name that begin, "I've read this agreement and carefully discussed every part of it with my attorney." Do you see that?
>
> THE DEFENDANT: Yes.

THE COURT: Before you signed, did you read those sentences?

THE DEFENDANT: Yes.

THE COURT: And were they true when you signed the document yesterday?

THE DEFENDANT: Yes.

THE COURT: Are they still true today?

THE DEFENDANT: Yes.

THE COURT: And you want to proceed on this agreement today?

THE DEFENDANT: Yes, I do.

THE COURT: Do you feel like you need any more time to talk it through with Mr. Stanley?

THE DEFENDANT: No.

THE COURT: Let's go through it in a basic way, an overview way by paragraph.
. . .

THE COURT: All right. There are several aspects of this agreement that touch on guideline issues, which is why I want to make sure we have a common understanding of that. And the first place it happens is in paragraph 4 which is entitled "Stipulations." I'm going to pass the first few paragraphs on page 2 and go to the top of page 3, the last paragraph. That addresses two guideline issues, agreements that you have with the government. The first is that you and the government agree that for guideline purposes the quantity of cocaine involved and attributed to you ought to be between two and four kilograms of cocaine. Do you see that?

THE DEFENDANT: Yes.

THE COURT: And you understand that?

THE DEFENDANT: Yes.

THE COURT: Any questions about that?

THE DEFENDANT: No.

THE COURT: All right. Now, the next sentence says that you are also agreeing with the government that you're not a leader, organizer, or supervisor of others but simply a

participant, which also means that you won't get an enhancement under the sentencing guidelines. At least not one that the government urges on this basis. Do you recognize that?

    THE DEFENDANT: Yes, I do.

(Case No. 1:08-CR-93, Transcript of Plea Hearing, at 21-23, 25-26)

The Court also discussed with Mr. Jaramillo his agreement to cooperate with the Government and what would happen if he cooperated:

> THE COURT: All right. Paragraph 5, it's an additional promise that you're making as a part of this agreement. You're saying . . . you're going to cooperate with the government. And in a general way that means you're going to tell the government truthfully everything you know about potential criminal activity that it's investigating. It might mean that you have to submit to a lie-detector test at some time. It might mean that you have to appear in court and testify as a government witness against people you know. You recognize that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Do you think you could do that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions about it?
>
> THE DEFENDANT: No.
>
> THE COURT: Paragraph 6 talks about what might happen, it's not a guarantee that it will happen, if the government believes that your cooperation has provided it substantial assistance in the course of its law enforcement goals. If that's what the government believes and it promises in good faith to make that assessment, if it reaches a conclusion that you have provided substantial assistance, it may come to court and ask this Court under either 5K of the sentencing guidelines or Rule 35 of the criminal rules to consider your cooperation and your substantial assistance in the sentence and to impose a sentence on you that's lighter than the Court would otherwise impose because of your substantial assistance.
>
> Now, two things. The government is not promising that it will bring such a motion. Even if you truthfully tell it everything you know, the government may say, "We don't believe it's substantial assistance." You understand that?
>
> THE DEFENDANT: Yes, I do.

4

> THE COURT: Okay. Even if the government concludes that it is and brings a motion, the Court still has an obligation to make an independent judgment, and the Court might disagree with the government. You recognize that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: All right. So you have to get over both hurdles. First convince the government and then convince the Court for you to get any credit under this, and then the amount of credit would still be up to the Court. Do you recognize that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any questions about that?
>
> THE DEFENDANT: No.

(*Id.* at 26-28)

The Court also confirmed that Mr. Jaramillo understood and agreed to his waiver of the right to file a collateral attack:

> THE COURT: Paragraph 11 is an agreement by you in consideration of the promises the government is making to waive some of the rights of appeal that you would otherwise have. So if the sentence of the Court is ultimately within the guideline range or below, you waive your right to appeal or attack that sentence in any way other than on a basis that you and your lawyer preserve at the time of sentencing that the Court did something wrong in applying the guidelines.
>
> For example, if I say, "Well, I think that there ought to be a weapons enhancement for Mr. Jaramillo here," and your lawyer objects and says, "There's no evidence for that," and I say, "Overruled, I think there is," you'll get a chance to appeal that. That's an argument that the Court misapplied the guidelines. But other than that, if the sentence is within the guidelines or below, you're not going to have a right to appeal or attack it.
>
> Any questions about that?
>
> THE DEFENDANT: No.

(*Id.* at 31-32) Additionally, the Court confirmed with Mr. Jaramillo that no one had promised him anything not described in the plea agreement in order to get him to sign the agreement.

5

> THE COURT: Paragraph 15, the last one, says this is a complete agreement. Meaning what we've talked about here and what's in writing in the plea agreement is the whole agreement between you and Mr. Courtade's office and there's nothing else. Any questions about that?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone from the government promised you anything other than what is reflected here in this plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone other than the government promised you anything to get you to plead guilty today?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone threatened or coerced you in any way to try to put pressure on you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: All right. . . .

(*Id.* at 34)

Finally, the Court discussed with Mr. Jaramillo the stipulations in the plea agreement that established the factual predicate for his guilty plea.

> THE COURT: . . . That leaves the third inquiry which is a question of whether there's a factual basis to believe you're actually guilty of the crime charged. That's important and essential to me before I accept the plea formally. And for that I would like to look back at paragraph 4 of the plea agreement called "Stipulations," which describes background facts and how you participated in this.
>
> Now, before you signed this agreement did you have a chance to look through the stipulations carefully?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. And are you satisfied that the stipulations there in paragraph 4 are true to the best of your knowledge, information, and belief?

THE DEFENDANT: Yes.

THE COURT: All right. Then think back or look back at the superseding information, if you would, which charges a conspiracy or an illegal agreement as we talked about to distribute cocaine. Tell me why you believe you're guilty or better yet what you did that makes you guilty in your view of conspiring to distribute the quantity of cocaine mentioned there.

THE DEFENDANT: Um, I was working for Mr. Carcini, and while working for him I decided to get involved in his distribution of cocaine.

THE COURT: So you agreed with him to help distribute the cocaine?

THE DEFENDANT: Yeah.

THE COURT: And, now, his -- you worked at his shop here in Grand Rapids?

THE DEFENDANT: Yes.

THE COURT: And your agreement with him happened here in the Western District?

THE DEFENDANT: Yes.

THE COURT: How much cocaine was involved at a minimum in your agreement with him?

THE DEFENDANT: 500 grams or more.

THE COURT: All right.

(*Id.* at 35-37)

The Court concluded that there was a factual basis for the plea "based on the stipulations and on the statements of Mr. Jaramillo." (*Id.* at 37) It then accepted Mr. Jaramillo's guilty plea. (*Id.*; *see* Case No. 1:08-CR-93, docket # 72). Before sentencing, counsel for Mr. Jaramillo submitted a motion for downward variance and a supporting memorandum. (Case No. 1:08-CR-93, docket # 82, 83) At sentencing, the Court stated that it had received and considered "a sentencing memorandum from the defense along with a motion for variance," as well as "several letters." (Case No. 1:08-CR-93, Transcript of Sentencing Hearing, at 2-3) Also at the sentencing hearing, the Court

7

accepted the plea agreement, (*id.* at 3) and it sentenced Mr. Jaramillo to 96 months' imprisonment (*id.* at 11).

On December 4, 2009, Mr. Jaramillo moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (*see* docket # 1)

**ANALYSIS**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). Mr. Jaramillo make three contentions in this motion, none of which warrant relief under section 2255.

First, Mr. Jaramillo contends that his right to a knowing and voluntary plea was violated by ineffective assistance of counsel because his counsel did not move for a sentence reduction under Sentencing Guidelines section 5K1.1. He further alleges that his counsel promised to do so and promised that he would receive a "dramatic sentence reduction and ensure no more than five years imprisonment." (docket # 1) This contention is without merit. Only the Government may move for

a substantial-assistance departure under section 5K1.1. *See* U.S.S.G. § 5K1.1. Accordingly, Mr. Jaramillo's counsel could not have been ineffective merely by refusing to file a motion that it was not permitted to file. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Additionally, the Court expressly discussed with Mr. Jaramillo section 5K1.1. (Case No. 1:08-CR-93, Transcript of Plea Hearing, at 26-28; *see also* Transcript of Sentencing at 6) The Court explained that only the Government could bring such a motion, that it was not guaranteed, and that the Court could reject it even if the Government brought the motion. (Case No. 1:08-CR-93, Transcript of Plea Hearing, at 26-28) Mr. Jaramillo confirmed that he understood the issues and had no questions about them. (*Id.*) Finally, the Court confirmed specifically with Mr. Jaramillo that the plea agreement was his entire agreement and that no one had made any promises to him that were not articulated in the agreement. (*Id.* at 34) Accordingly, Mr. Jaramillo's contentions regarding the lack of a substantial-assistance variance are without merit.

Second, Mr. Jaramillo contends that his right to a knowing and voluntary plea was violated by ineffective assistance of counsel because his lawyer failed to challenge the inadequate factual basis of his plea. This contention is without merit because there was adequate factual basis for his plea. As discussed at the plea hearing, Mr. Jaramillo stipulated in his plea agreement and stated in open court the factual basis for his plea. (*Id.* at 35-37) He stated that before signing the agreement, he had looked carefully at the stipulations in the plea agreement and was satisfied that the stipulations were true. (*Id.* at 36) These stipulations, standing alone, are sufficient to establish a factual basis. The Court then stated expressly that Mr. Jaramillo had been charged with "conspiracy or an illegal agreement . . . to distribute cocaine." (*Id.*) When asked what in addition to his stipulations made him guilty of that crime, Mr. Jaramillo stated that he decided to get involved with

9

his employer in distributing cocaine and that he agreed to help distribute the cocaine. (*Id.*) When the Court asked "[h]ow much cocaine was involved at a minimum" in the agreement, Mr. Jaramillo stated "500 grams or more." Accordingly, Mr. Jaramillo's contention that there was inadequate factual basis for his plea is without merit.

Third, Mr. Jaramillo contends that his right to ineffective assistance of counsel was violated because his lawyer failed timely to move for a sentencing variance, to argue for a minor-role variance, and to discuss sentencing with him prior to sentencing. This contention, too, is plainly contradicted by the record. Before sentencing, counsel for Mr. Jaramillo submitted a sentencing memorandum, a motion for downward variance, and a supporting memorandum. (Case No. 1:08-CR-93, docket # 82, 83) At sentencing, the Court stated expressly that it had received and considered the sentencing memorandum and the motion for variance. (Case No. 1:08-CR-93, Transcript of Sentencing Hearing, at 2-3) Additionally, Mr. Jaramillo's counsel expressly argued at sentencing that Mr. Jaramillo had cooperated with the Government and had a minor role in the offense. (*Id.* at 6-7) Finally, Mr. Jaramillo stated at his plea hearing that he had discussed sentencing with his counsel. (Case No. 1:08-CR-93, Transcript of Plea Hearing, at 21-23, 25-26) Mr. Jaramillo's contentions in this regard therefore are without merit.

**ACCORDINGLY, IT IS ORDERED** that Petitioner's motion under section 2255 (docket # 1) is **DENIED**.

Dated:   February 5, 2010         /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE